IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FLORENCE McNICKLE,

       Plaintiff,

v.                                    Civil Action No. 5:13CV60
                                                     (STAMP)

AMERICAN EXPRESS COMPANY,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Background

The plaintiff filed this action in the Circuit Court of Ohio County, West Virginia against defendant American Express Company alleging violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101 et seq., and common law causes of action due to several alleged instances of improper debt collection practices and direct contact with the plaintiff.  On May 1, 2013, the defendant filed a timely notice of removal with this Court, claiming diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

The defendant supports its claim of diversity jurisdiction by arguing that complete diversity exists[1] and that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

---

[1] It seems to be agreed that complete diversity exists in this case.  The plaintiff is a resident of West Virginia and defendant, American Express Company, is a New York corporation with its principal place of business in New York.

The plaintiff has alleged several sources of damages under the WVCCPA and three additional sources under the common law. First, the plaintiff claims that calls and letters that were sent by the defendant were willful violations of the WVCCPA, which merit civil penalties. Second, the plaintiff owes an unsecured debt of $7,214.64 to the defendant, and the plaintiff seeks forgiveness of it. The WVCCPA provides for forgiveness of such unsecured debts, at the discretion of the court, when a defendant willfully violates the WVCCPA. Third, attorney's fees, which are awarded discretionarily, are also claimed by the plaintiff in her complaint under the WVCCPA. Finally, under common law, the plaintiff has sought actual and punitive damages for negligence, intentional infliction of emotional distress, and invasion of privacy.

To demonstrate that the amount in controversy is sufficient, the defendant approximates the value of the plaintiff's claims. The defendant argues that at least five instances of prohibited communications were alleged by the plaintiff's complaint and that the maximum penalty for each is $4,600.00. Therefore, the defendant claims that at least $23,000.00 is in controversy by virtue of the civil penalties under the WVCCPA. Thus, the civil penalties and the plaintiff's unsecured debt of $7,214.64 equal $30,214.64 in total. The defendant argues that by adding the attorney's fees available under the statute and the punitive

damages available under common law, the plaintiff's damages could exceed $75,000.00.

After removal, the plaintiff filed a motion to remand. The plaintiff argues that the defendant has failed to carry its burden of proving that the amount in controversy exceeds $75,000.00 in this case. According to the plaintiff, the notice of removal lacks the evidence and analysis required to carry this burden.

A memorandum in opposition was filed by the defendant, which detailed some of its claims more fully. The defendant argued that "$25,000.00 is a reasonable estimate of an award of attorney's fees." ECF No. 8 *6. In contrast, the defendant does not assign specific values for the plaintiff's common law claims or the punitive damages which may be awarded for such claims. The defendant does, however, suggest that a nine-to-one ratio of punitive to compensatory damages is a reasonable award and that, given this, the punitive damages alone could exceed $75,000.00. ECF No. 8 *7. For the reasons that follow, this Court will grant the plaintiff's motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy

exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

The defendant claims that civil penalties, loan forgiveness, attorney's fees, and common law compensatory and punitive damages are all sources of damages, which satisfy the amount in controversy when combined. The defendant proposes calculating the value of potential civil penalties by multiplying the minimum number of statute violations, five, by the maximum penalty amount under the WVCCPA. The plaintiff's objection to this estimate, as it is to all others by the defendant, is that the defendant has not met its burden in providing facts necessary to support its claim that amount in controversy exceeds $75,000.00.

A. Statutory claims

When there is a maximum penalty dictated by statute, it is appropriate to measure the amount in controversy by the maximum penalty and not by how much the plaintiff is likely to be awarded. See Brill v. Countrywide Home Loans Inc., 427 F.3d 446, 449 (7th Cir. 2005); Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199 (9th Cir. 2008). This method of measuring the amount in

4

controversy is also the common practice in cases brought under the West Virginia Consumer Credit Protection Act that have been removed to federal court.  See Knott v. HSBC Card Services Inc., No. 3:10CV82, 2010 WL 35522105 at *4 (N.D. W. Va. Sept. 8, 2010); Maxwell v. Wells Fargo Bank, N.A., No. 2:09-0500, 2009 WL 3293871 (S.D. W. Va. Oct. 9, 2009).  This Court, therefore, accepts $23,000.00 as an appropriate estimate of the civil penalties portion of the amount in controversy.

The defendant argues that attorney's fees should be included in the amount in controversy because they are provided by statute. Based on estimates from other WVCCPA cases, the defendant claims $25,000.00 to be an appropriate estimate of reasonable attorney's fees.  In actions under the WVCCPA, attorney's fees may be awarded to the consumer, at the discretion of the court, for "illegal, fraudulent or unconscionable conduct or any prohibited debt collection practice."  W. Va. Code § 46A-5-104.  Because the plaintiff in this case can claim attorney's fees under a state statute as a substantive right, attorney's fees should be considered for the calculation of the amount in controversy.  See McGraw v. Discover Fin. Servs., Inc., No. Civ.A. 2:050215, 2005 WL 1785259 at *6 (S.D. W. Va. July 26, 2005).  However, the West Virginia Supreme Court of Appeals held in Vanderbilt Mortgage and Finance, Inc. v. Cole that attorney's fees must be awarded in accordance with the twelve factors enunciated in Aetna Casualty &

5

Surety Company v. Pitrolo. Cole, 740 S.E.2d 562, 572 (W. Va. 2013) (citing Aetna, 342 S.E.2d 156, 191-92 (W. Va. 1986)). Further, several of these Aetna factors are difficult to assess in advance of a trial. These factors include, among other things, the results obtained by the attorneys and the time and labor involved.

Due to the impact of the Aetna factors on the value of an attorney's fees award and the discretionary nature of such an award, attorney's fees are difficult to assess when estimating the amount in controversy. Where the complaint does not specifically set forth the amount of damages sought, as is the case here, the defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (finding that amount in controversy is not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument"). Attorney's fees in this case cannot be accurately predicted by reference to attorney's fees awarded in other cases under the WVCCPA. McWha v. Otway, No. 5:06CV164, 2007 WL 2362898, *2 (N.D. W. Va. August 15, 2007) (requiring the defendant to supply more than speculation regarding the amount in controversy). Therefore, despite defendant's arguments, attorney's fees are too speculative to meaningfully increase the amount in controversy in this case.

The loan forgiveness claim is the most certain in terms of amount, but whether the loan will be forgiven is still speculative because it is in the discretion of this Court whether such award will be granted. Of the statutory claims, only the civil penalties are certain enough to contribute to the amount in controversy. If the plaintiff proves her case, she must receive the civil penalties, but the other forms of recovery at issue under the WVCCPA, loan forgiveness and attorney's fees, are at the discretion of the court. W. Va. Code §§ 46A-5-101(1), -105, -104. Therefore, the common law claims would have to make up the remainder in order to satisfy the amount in controversy requirement.

B.  <u>Common law claims</u>

The plaintiff, Florence McNickle, has also asserted claims for negligence, intentional infliction of emotional distress, and invasion of privacy. The defendant also argues that these claims could exceed $75,000.00, especially once combined with punitive damages at nine times the compensatory award. This argument, however, is lacking in several regards. First, the plaintiff is correct, in that there is no evidence to quantify the liability to come from these claims. Second, even the defendant acknowledges that the average ratio of punitive to compensatory damages is closer to four than nine. ECF No. 8 *7 n.3. Finally, punitive damages are left to the discretion of the court. For this reason, punitive damages are not of much assistance in estimating the

7

amount in controversy. Perrine v. E.I. du Pont de Nemours and Co., 694 S.E.2d 815, 883 (W. Va. 2010) (citing Mayer v. Frobe, 22 S.E. 58 (W. Va. 1895). Thus, the defendant has not carried its burden of proving that the amount in controversy is sufficient.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 8, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE